Samuel Morrison, Petitioner, v. Commissioner. Lillian K. Morrison, Petitioner, v. Commissioner.
Morrison v. Commissioner
Docket Nos. 54282, 54955.
United States Tax Court
T.C. Memo 1956-146; 1956 Tax Ct. Memo LEXIS 149; 15 T.C.M. (CCH) 740; T.C.M. (RIA) 56146; June 20, 1956
*149 Milton H. Friedman, Esq., for the petitioner in Docket No. 54282. Claude V. Kister, Esq., for the petitioner in Docket No. 54955. Paul D. Lagomarcino,esq., for the respondent. LEMIRE Memorandum Opinion LEMIRE, Judge: These consolidated proceedings involve deficiencies in income tax and additions to the tax for 1951 as follows: Addition
Docket
to Tax
No.
Petitioner
Deficiency
Sec. 294(d)
54282
Samuel Morrison
$6,081.91
54955
Lillian K. Morrison
2,617.83
$569.68
The primary issue involved in both docket numbers is whether certain lump sum payments made by Samuel Morrison in the taxable year 1951 are deductible by him and taxable to Lillian K. Morrison as alimony payments for her support and maintenance under sections 23(u) and 22(k) of the Internal Revenue Code of 1939. In Docket No. 54282 a further issue as to the amount deductible as a nonbusiness bad debt has been abandoned by petitioner. In Docket No. 54955 petitioner Lillian K. Morrison concedes she erroneously omitted the amount of $555 from gross income in the taxable year 1951. The respondent concedes she is not liable for any additions to the tax for that *150 year under section 294(d) of the Code. [Findings of Fact] All the facts are stipulated and are so found. They may be summarized as follows: Petitioners Samuel Morrison and Lillian K. Morrison were residents of Buffalo, New York, during 1951 and filed their individual income tax returns for 1951 with the collector of internal revenue for the 28th district of New York. Petitioners were married on July 4, 1932. Of this marriage, one child, Steven K. Morrison, was born on January 15, 1935. On April 25, 1951, petitioners entered into a written separation agreement which provided, inter alia, that the petitioner Lillian K. Morrison would have custody of the child and that petitioner Samuel Morrison would pay the sum of $555 per month for the support and maintenance of Lillian K. Morrison until such time as she later remarried, and the sum of $50 per month during each month the child lived at home with her. The alimony payments to Lillian K. Morrison were to cease upon the death of Samuel Morrison. In lieu of a provision that would have required continued payments by the estate of Samuel Morrison on his death, it was agreed that Lillian K. Morrison would be made the irrevocable *151 beneficiary of policies of insurance upon Samuel Morrison's life which the latter agreed to purchase and assign to Lillian K. Morrison. The premiums on such policies were to be paid by Lillian K. Morrison out of the alimony payments and such premiums had been taken into consideration by the parties in fixing the amount of alimony provided for. On June 8, 1951, Lillian K. Morrison obtained an absolute decree of divorce from Samuel Morrison in the state of Nevada, which decree incorporated the terms of the separation agreement. Through inadvertence the divorce decree failed to provide that the alimony payments were to continue so long as both Lillian K. Morrison and Samuel Morrison should live. On July 19, 1951, an amended decree of divorce was entered for the purpose of incorporating such provision. On April 25, 1951, Samuel Morrison paid to Lillian K. Morrison the amount of $1,550 for the purpose of providing sufficient funds to cover expenses incidental to obtaining a divorce decree, the amount of $1,000 in cash to reimburse her for household expenditures previously made by her, and the sum of $1,044 to reimburse her for a premium previously paid by her on insurance policy No. *152 2203990 on Samuel Morrison's life with the Traveler's Insurance Company in the face amount of $50,000, in which policy Lillian K. Morrison was the irrevocable beneficiary. On August 1, 1951, Samuel Morrison, in pursuance of the separation agreement of April 25, 1951, purchased Traveler's Insurance Company policy No. 2120444 with a face value of $35,000 on his life from Morrison Steel Products, Inc., for the sum of $4,139.79, and irrevocably assigned the policy to Lillian K. Morrison. [Opinion] In his income tax return for 1951 petitioner Samuel Morrison claimed the amount of $7,733.79 as a deduction for alleged alimony payments to his divorced wife. The respondent disallowed the claimed deductions. To protect the revenue the respondent included in the gross income of petitioner Lillian K. Morrison the amount of $7,733.79 as taxable income to her under section 22(k) of the Internal Revenue Code of 1939. The respondent makes no claim that any of the lump sum payments in controversy are taxable to Lillian K. Morrison under section 22(k) if it is determined that such amounts are not deductible by Samuel Morrison under section 23(u) of the Code. The record establishes that *153 the payment of the amounts of $1,550 to defray the wife's expenses to Reno, Nevada, to obtain the divorce and the sum of $1,000 to reimburse her for household expenses were made on April 25, 1951, which was prior to the decree of divorce. Therefore, such payments are clearly not deductible. Petitioner Samuel Morrison apparently concedes as much since no argument is made, on brief, that such amounts are deductible. It is contended, however, that he is entitled to deduct the respective amounts of $1,044 and $4,139.79 as insurance premiums on two policies of insurance irrevocably assigned to his divorced wife. The amount of $1,044 is clearly not deductible by the husband as a payment of alimony since it was paid prior to the decree of divorce and while Lillian Morrison was still his wife. The record shows that subsequent to the decree the husband paid the amount of $4,139.79 to acquire from his employer the insurance policy on his life in the face amount of $35,000. Such payment, however, was not made for insurance premiums but was paid to acquire a capital asset which was to be assigned to the divorced wife. The amounts of $1,044 and $4,139.79 were payments required to be made to *154 carry out the provision of the separation agreement with respect to the property settlement and were not alimony payments for the support and maintenance of the divorced wife. We think the decree of divorce, which governs here, recognizes such to be the fact since it approves, ratifies, and affirms the property settlement and further directs the payment of the sum of $555 per month for the maintenance and support of the divorced wife during their lives or until she remarries. The monthly payments of $555 made during the taxable year 1951 were allowed as deductions to the husband and were included in the return of the divorced wife with one exception. One payment of $555 for the month of January 1952 was made in December 1951. This payment, which she now concedes should be included in her gross income for 1951, was omitted from her return. The principles applicable to the disposition of the contested issues are so well established by the adjudicated cases that we think the citation of authorities is unnecessary. We therefore hold that the lump sum payments aggregating $7,733.79 are not deductible by Samuel Morrison as alimony payments to his divorced wife under section 23(u) but *155 are includable in his gross income for the taxable year 1951 under section 22(k) of the Internal Revenue Code of 1939. Effect will be given to the respective concessions of the parties. In Docket No. 54282 decision will be entered for the respondent. In Docket No. 54955 decision will be entered under Rule 50.